**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
CALVIN TRUONG

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> THAU CAM, et al., ) <br> ) <br> ) <br> ) <br> DEFENDANTS. ) <br> ) <br> ) <br> ) <br> _____) | MAG.NO.S-08-0240-EFB <br><br> NOTICE OF MOTION AND MOTION TO REOPEN DETENTION HEARING AND TO RECONSIDER DETENTION ORDER BASED ON NEW EVIDENCE PURSUANT TO TITLE 18 U.S. CODE SECTION 3142, SUBDIVISION (f) <br><br> DATE: July 22, 2008 <br> TIME: 2:00 P.M. <br> COURTROOM: #25 <br> JUDGE: HONORABLE MAGISTRATE JUDGE EDMUND F. BRENNAN |

TO THE UNITED STATES ATTORNEY, McGREGOR W. SCOTT, ASSISTANT UNITED STATES ATTORNEY JILL THOMAS

PLEASE TAKE NOTICE, that on Tuesday, July 22, 2008, or as soon as the matter can be placed on the Court's calendar, at 2:00 p.m. or as soon thereafter as the matter may be heard in Court room #25, of the United States Courthouse located at 501 I Street, Sacramento, California, before the Honorable Magistrate Judge, Edmund F. Brennan, the defendant, CALVIN TRUONG, by and through his attorney, JAMES R. GREINER, will and hereby does move this court to reopen the detention hearing pursuant to Title 18 United States Code Section 3142 subdivision (f), due to the new and additional information that was not available at the original detention

1

1 | hearing, namely there is property to be posted and a third party custodian and a
2 | residence for the defendant to reside at. The defendant is then seeking this Court to
3 | reconsider its ruling on detention made without prejudice on July 16, 2008 (Docket
4 | Entry# 4), to fashion conditions for the defendant's release from custody.
5 |     This notice of motion and motion will be based on the documents filed with
6 | this court, the file in this case, any evidence presented at the hearing of this matter,
7 | whether oral, written or otherwise, and any and all evidence this court may and can
8 | take judicial notice of.
9 |     The government was notified of the defense bringing this motion and setting if
10 | for Tuesday, July 22, 2008, and the government has no objection with this. Pre-trial
11 | was notified and had no objections.

DATED: JULY 22, 2008    RESPECTFULLY SUBMITTED
    LAW OFFICES OF JAMES R. GREINER


    /s/ JAMES R. GREINER
    _____
    JAMES R. GREINER
    ATTORNEY FOR DEFENDANT
    CALVIN TRUONG

2

# FACTS

The defendant is named in complaint that alleges violations of Title 21 U.S.C. Sections 841(a)(10, 846 and 843(b) (See Docket Entry #1). The defendant is alleged to have been involved on only one date, November 30, 2007. (See Docket Entry #1, pages 6-10)

The Court has released one defendant, Tim Tuyen. Defendant Tim Tuyen has an adult conviction for burglary, penal code section 459, and two other adult arrests. The moving party, CALVIN TRUONG, has no adult convictions and no adult arrests (aside from the instant matter).

# MEMORANDUM OF POINTS AND AUTHORITIES

Pretrial detention is appropriate in only "rare circumstances". (United States v. Gebro, 948 F2d. 1118, 1121 (9th Cir. 1991). Congress intent as it relates to pretrial detention is that detention should apply only to a "limited group of offenders." (United States v. Khashoggi, 717 F.Supp. 1048 (SDNY 1989) , citing Senate Report No. 225, 98th Congress)

From the pain reading of Title 18 U.S.C. section 3142(b), would reveal there is a presumption in favor of release: "The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a) unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the

3

community."

The Ninth Circuit has consistently held that the least important factor in determining the release of a defendant pending trial is the weight of the evidence. (United States Motamedi, 767 F.2d 1403, 1406 (9th Cir 1985)

The United States Supreme Court in United States v. Salerno, 41 U.S. 739, 756 (1987) has stated: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."

The Ninth Circuit in United States v. Motamedi, 767 F.2d 1403, 1406-1407 (9th Cir. 1985) has stated: "The government's burden of persuasion continues to be to establish flight risk by a preponderance of the evidence, but to prove dangerousness by clear and convincing evidence."

In United States v. Phillips, 732 F.Supp. 255, 264 (D.Mass. 1990), the Court stated: "...[T]he fact finding function of the court in a pretrial detention decision must be focused on one individual--the defendant-- and the court must view that defendant as an individual."

It is worth noting that even the Ninth Circuit in Marino v. Vasquez, 812 F.2d 499, (9th Cir. 1987) , (a non-Bail reform act case), held the district court did not err in releasing a prisoner pending adjudication of a habeas corpus petition, even though the prisoner was a convicted murderer with several assaults incidents in prison.

In this case the Court has fashioned release conditions for Tim Tuyen. The defense respectfully suggests that the release conditions offered for defendant CALVIN TRUONG are stronger and should give the Court satisfaction that the defendant will make all future court appearances .

The defense is offering for the defendant's uncle and aunt, Jeff and Jamie Jacinto of San Jose to post their residence as bond. The defense is requesting that Jamie Jacinto sign an unsecured bond today, to be followed up with the posting of property to secure the bond. In addition, the defense is offering as a third party

4

1  custodian, Jamie Jacinto. She works full time for HP in San Jose, however, she works
2  full time at home, thus she will be able to supervise the defendant on a full time basis,
3  which she is willing to do. This will remove the defendant from this area where the
4  alleged law violations happened and in addition, will give 24 hour supervision of the
5  defendant, something releasing the defendant to Sacramento would not do.
6      The defendant is willing to abide by any and all conditions this Court imposes,
7  including counseling, surrendering of any passport or visas, being employed,
8  reporting on a weekly basis to pre-trial and all other conditions.
9      The defendant is not a flight risk as his family lives in northern California and
10 he will be living with his aunt, to whom he is very close.
11     There is no allegation of any weapons being involved with the defendant in this
12 case.
13     Just as this Court has found every other defendant that has been released not to
14 be a danger to the community, the Court is urged to so find in the defendant's cases:

> "Congress did...choose to use the term `danger', which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether by conditions of release the community can reasonably be assured of its safety.(See United States v. Orta, 760 F.2d 887, 892 (8th Cir. 1985) (en banc)(Court cannot require more than an objectively reasonable assurance of community safety)." (United States v. Phillips, 732 F.Supp. At 266-267).

22     The defense position is clear in this case, there is no issue of danger to
23 community that exists.

5

**CONCLUSION**

As then Justice Kennedy stated:

> "We are not unmindful of the presumption of innocence and its corollary that the right to bail should be denied only for the strongest of reasons...Only in rare circumstances should release be denied and doubts regarding the propriety of release should be resolved in favor of the defendant." (United States v. Motamedi, 767 F.2d 1403, 1405-1407).

As the Ninth Circuit has stated in (United States v. Winsor, 785 F.2d 755, 757 (9thCir. 1986)."Section 3142 neither requires or permits a pretrial determination that a person is guilty; the evidence of guilt is relevant only in terms of the likelihood that a person will fail to appear or will pose a danger to the community."

Defendant, CALVIN TRUONG. requests this court to release him pending the litigation of this matter subject to conditions.

DATED: JULY 22, 2008       **RESPECTFULLY SUBMITTED**
                           **LAW OFFICES OF JAMES R. GREINER**


                           **/s/ JAMES R. GREINER**

                           **JAMES R. GREINER**
                           ATTORNEY FOR DEFENDANT
                           CALVIN TRUONG